# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JON UTSA DOE,** | § | |
|     **PLAINTIFF** | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **UNIVERSITY OF TEXAS AT** | § | |
| **SAN ANTONIO** AND **ERIC BREY** | § | |
|     **DEFENDANTS** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff **JON UTSA DOE** to hereby file "Plaintiff's Original Complaint" ("Complaint") and in support would show this Honorable Court the following.

## PREAMBLE

### *INTERNATIONALLY RECOGNIZED SCHOLAR AND EXPERT THROWN AWAY LIKE TRASH*

*Plaintiff Jon was an Associate Professor and Director of the Chemical Engineering program with UTSA (defined hereafter). Notwithstanding Plaintiff's stellar reputation and years of experience in the field, Defendant pursued a deliberate path of discrimination, harassment, stalking, and retaliation because of Jon's national origin, age, gender, religion and exercise of Jon's protected right to speak that resulted in Plaintiff being harassed, targeted, intimidated, discriminated and retaliated against, and ultimately defamation and violation of Jon's constitutional rights after ejecting Jon from campus without providing reasons and ruining Jon's professional reputation. Following a well-planned and implemented path to force Plaintiff to resign, Jon refused and faced the ultimate retaliation and was terminated and banned from campus. Plaintiff seeks redress of this Court for equitable relief and damages.*

## A. <u>NATURE OF SUIT</u>

1.  Plaintiff Jon was the victim of systematic and ongoing discrimination in, and ultimately the Suspension (defined hereafter) from Jon's workplace based on Jon's national origin, religion, age, and gender, as to Jon's protected right of expression to speak, as well as in retaliation for or in an effort to suppress Jon's exercise of rights under the First Amendment of the United States Constitution. These acts of discrimination caused, contributed to, and maintained a hostile workplace environment in addition to being actionable in and of themselves, but also lead to the termination of Jon by Defendant UTSA (hereafter defined), under the direction of Defendant Frey (defined hereafter). Plaintiff Jon attempted many times to have Defendant UTSA stop the discrimination, targeting, and retaliation, but Defendant failed and refused to do so. Plaintiff Jon exercised Jon's right to file a complaint with the United States Equal Employment Opportunity Commission (the "EEOC") and now seeks judicial redress in accordance with various statutory remedies available to Jon.

2.  Plaintiff Jon now files this original action for damages and equitable relief pursuant to:

>   (a)  42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343;
>
>   (b)  29 U.S.C.S. §623(a)(1) *et seq* being the Age Discrimination in Employment Act; and

  (c) 42 U.S.C. § 1983 with regards to:

    (i) Defendants' violations of the laws of the United States;

    (ii) Defendants' denial (under the color of law) of Plaintiff Jon's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

    (iii) Defendants' denial (under the color of law) of Plaintiff Jon's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

## B. **PARTIES**

3. Plaintiff **JON UTSA DOE** ("Jon") is an individual residing in the State of Texas. Plaintiff Jon is a US Muslim Egyptian immigrant with middle eastern features who resides in the State of Texas. Jon has dedicated Jon's life to the field of Biomedical and Chemical Engineering and is an expert in the field.

4. Because of the privacy issues involved in this matter, Jon is hereby exercising Jon's rights to proceed with this matter anonymously.

5. The need to protect the identity of Plaintiff Jon does not hinder the defense of this matter by Defendant UTSA, for the facts are well known to the Defendant UTSA. When applying the applicable tests (created by jurisprudence

applicable to this Court) to balance the needed protection of privacy versus any inconvenience to a defendant, the protection of Jon's privacy prevails.

6. At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff Jon, Jon's identity shall be disclosed.

7. Defendant UTSA is a public university formed under the laws of the State of Texas, operates under the authority of the State of Texas, and may be served with process herein by personal delivery to Defendant UTSA as follows upon its president:

**UNIVERSITY OF TEXAS AT SAN ANTONIO**
**ATTN: DR. TAYLOR EIGHMY**
**OFFICE OF THE PRESIDENT**
**ONE UTSA CIRCLE**
**SAN ANTONIO, TEXAS 78249**

8. Defendant Dr. Eric Brey ("Brey") is an individual employed by Defendant UTSA as the Chair of the Department of Biomedical Engineering, being Plaintiff Jon's department, and may be personally served with process at his place of employment as follows:

**DR. ERIC BREY**
**UNIVERSITY OF TEXAS AT SAN ANTONIO**
**DEPARTMENT OF BIOMEDICAL ENGINEERING**
**APPLIED ENGINEERING BUILDING**
**ROOM 1.102**
**One UTSA Circle**
**SAN ANTONIO, TEXAS 78249**

## C. **JURISDICTION and VENUE**

9.  The original jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

   (a)   42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343 ("Title VII");

   (b)   29 U.S.C.S. §623(a)(1) *et seq* being the Age Discrimination in Employment Act ("ADEA") and

   (c)   42 U.S.C. § 1983 ("Section 1983") with regards to:

   (i)   Defendants' violations of the laws of the United States;

   (ii)  Defendants' denial (under the color of law) of Plaintiff Jon's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

   (iii) Defendants' denial (under the color of law) of Plaintiff Jon's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

10. Venue is proper in the Western District of Texas (San Antonio Division) because Defendant UTSA operates its schools in, and from, San Antonio in Bexar County, Texas, which is also where the underlying events occurred. Bexar County is within the Western District of Texas.

## D.  FACTUAL BACKGROUND

### *WHO IS JON?*

11.  Plaintiff Jon is a male, over the age of 40, U.S. Muslim Egyptian immigrant with middle eastern features.

12.  Plaintiff Jon is an internationally recognized scholar and world expert in the field of Nanotechnology who moved to UTSA in the fall of 2017 in the position of Associate Professor and Director of the new Chemical Engineering program.

13.  Plaintiff Jon brought nine years of experience working for Laser Dynamics Laboratory which was ranked #4 in the world among academic chemistry research labs by Times Higher Education.

14.  Plaintiff Jon brought widespread recognition to Defendant UTSA in the form of scholarly publications, public outreach, and speaking engagements and made major contributions in establishing the new Chemical Engineering program through speaking and recruitment activities, designing the Chemical Engineering lab on campus, and serving on hiring committees including Chair of Search Committee for hiring two faculty members in the Department of Biomedical Engineering and Chemical Engineering.

15.  Plaintiff Jon is a prolific scholar with over 105 published articles and between 2017-2019 authored 12 papers in prestigious scientific journals bringing the

Defendant UTSA recognition and improved its reputation through Jon's writing and presentations around the nation.

16. Additionally, Plaintiff Jon had a far outreaching impact from 2017-2019 through the mentorship of six graduate students, two postdoctoral fellows, and twelve undergraduate students resulting in awards for several of those he mentored and a letter of congratulations to the President of Defendant UTSA.

17. Plaintiff Jon performed the above described work for Defendant UTSA under a written agreement with Defendant UTSA (the "Contract").

## *Who are Defendants*

18. As stated, Defendant UTSA is a public university formed under the laws of the State of Texas and operates under the authority of the State of Texas.

19. As part of its funding, Defendant UTSA receives grants and other funds from the United States government.

20. As stated, Defendant Brey was Plaintiff Jon's Department Chair and is the individual responsible for Jon's removal from Jon's employment.

## *Defendants' Wrongful Actions towards Jon*

21. Most unfortunately for Plaintiff Jon, Defendant UTSA also used its financial resources to finance the discrimination, harassment, stalking, and retaliation of Jon as a result of Jon's national origin, gender, age, and religion.

Defendant Brey was the specific individual who spearheaded the discrimination against Jon.

22. Plaintiff Jon was an easy target for discriminatory practices because Jon is a male, over the age of 40, U.S. Muslim Egyptian immigrant with middle eastern features. The discrimination as to Jon was evident as Jon was not offered equal pay and compensation by Dr. Browning as an Associate Professor with more job responsibility for $500,000.00 while an American Assistant Professor with lesser qualifications was offered $700,000.00.

23. Plaintiff Jon was also denied earned financial research incentives and summer salary and even had a grant, that Jon obtained, taken away from Jon including all Jon's propriety data.

24. Plaintiff Jon was routinely given less prestigious job assignments than younger, female, and non-Egyptian staff was given, and, never given the promised assignment as Director of the Chemical and Engineering program.

25. Plaintiff Jon was denied access and ability to conduct research and teach and was denied rights to control Jon's start-up fund offered to Jon during Jon's appointment which prevented Jon from successfully completing Jon's job duties.

26. Plaintiff Jon was blacklisted from obtaining employment elsewhere as Defendants made false negative statements about Jon to a potential employer.

27. Plaintiff Jon endured religious discrimination within Defendants' department as meetings were convened every Friday knowing Plaintiff Jon was at mosque.

28. Plaintiff Jon began to be targeted and endure retaliation and threats after Plaintiff Jon nominated Dr. Browning to join an advisory board for the British University in Egypt in October 2017, however, was later terminated from her appointment.

29. This retaliation worsened in January 2018 after Plaintiff Jon refused to comply with Defendants faculty for the college of engineering requests to act in such a way that would be in violation of federal regulations for hiring.

30. After Plaintiff Jon refused Defendants' requests to act in an unlawful manner, Dr. Eric Brey never appointed Jon to a search committee again. Plaintiff Jon voiced concerns regarding discrimination and harassment numerous times to Dr. Ong and Dr. Browning, all to no avail.

31. In November of 2018, Plaintiff Jon requested to move from the College of Engineering to the College of Science citing a hostile work environment but Defendant UTSA's staff member Dr. Browning intercepted the request and threatened Jon with termination.

32. Retaliation continued as Plaintiff Jon was blocked from performing Jon's duties and employment activities as director of the program and pressured and

harassed by Defendant Dr. Brey to surrender Jon's responsibility as director to Dr. Brey.

33. Plaintiff Jon repeatedly expressed concerns to Dr. Browning about the pattern of harassment and retaliatory actions of Defendant Dr. Brey but complaints were ignored and not investigated.

34. In a bid to run Plaintiff Jon off the campus, certain staff members of Defendant UTSA (including Defendant Dr. Brey) cooked-up conspiracies and lies ("falsehoods") against Jon in September of 2019.

35. Plaintiff Jon was discriminated against as Jon's request to investigate Jon's complaints as discriminatory and retaliatory were stalled.

36. Plaintiff Jon was told by Defendant UTSA staff members Ms. Wanda Boller and Mr. Venu Nair that Jon was restricted from speaking to UTSA students, staff, and faculty and denied Jon's request to submit grants Jon had been working on for months.

37. Plaintiff Jon was also told Jon may not define himself as working for Defendant UTSA in a job interview and was placed on administrative leave during an investigation.

38. During said administrative leave, Plaintiff Jon has experienced damage to Jon's professional reputation and ongoing harassment and discrimination. Plaintiff Jon was denied access to research and work materials from Jon's office and

was further harassed as Defendants informed Jon that the grant source (in January of 2020 that Plaintiff Jon is on leave) was being cutoff. Plaintiff Jon's grant was awarded to a less qualified staff member who is younger, not Muslim, and is not Egyptian.

39.   While on administrative leave, Plaintiff Jon was unlawfully evaluated and Defendant Dr. Brey cited Jon's lack of instruction as a weakness which led to Jon's termination. This is despite the fact that Plaintiff Jon was denied access to teaching opportunities. This is a clear act of discrimination and retaliation and all attempts to voice concerns by Plaintiff Jon were ignored.

40.   In January of 2019, Plaintiff Jon received a report stating Jon did not violate any rule and that all allegations filed against Jon at Defendant UTSA were false. Despite being cleared of any wrong-doing, discrimination and harassment continued as Plaintiff Jon was forced to remain on administrative leave.

41.   Plaintiff Jon remained on administrative leave without explanation and Defendants continued to maliciously create "falsehoods" and false allegations against Jon.

42.   Dr. Browning filed another discrimination complaint about Plaintiff Jon to EOS in February 2020 stating it involved misconduct from 2017. EOS determined this allegation has no merit. These false allegations and complaints

against Plaintiff Jon have now been filed, reviewed, and cleared four times and demonstrate a clear pattern of harassment and discrimination.

43. Immediately after filing complaints against Defendant UTSA through the EOC and after receiving the right to sue from the EEOC, Plaintiff Jon experienced further retaliation and discriminatory actions against Jon by Defendants.

44. In furtherance of its retaliatory tactics, Defendants thereafter in 2020 proposed the termination of Plaintiff Jon from Jon's teaching and leadership positions.

45 The falsehoods initiated and stoked by Defendants were ongoing and injurious to Jon's reputation and employability as an Associate Professor.

46. In exercising Jon's duties as an employee of Defendant UTSA, Plaintiff Jon exercised Jon's protected right to express concern and dissatisfaction as to Jon's workplace through the filing of various EOC complaints.

47. Unfortunately, the filing of the complaints by Plaintiff Jon merely increased retaliation against Jon by Defendants including targeting based on Jon's age, gender, national origin, and religion, and, Jon's First Amendment Rights.

48. Plaintiff Jon's complaints were stalled and further damaged Plaintiff Jon's professional reputation and ability to complete work with students and staff and led to an unlawful evaluation and Jon's Termination.

49. After Plaintiff Jon's wrongful Termination of Defendant UTSA, Jon filed a charge of discrimination ("Charge") with the EEOC alleging discrimination and retaliation in the workplace a toxic work environment because of Jon's age, religion, gender, national heritage, and the exercise pf Jon's First Amendment rights.

50. On June 8, 2020, Plaintiff Jon received the Right to Sue Letter from the EEOC and has timely filed this complaint in accordance therewith.

### *Harm to Plaintiff Jon*

51. As referenced, Defendants' discrimination against Plaintiff Jon has caused Jon to suffer physical and economic harm, including without limitation lost pay, and medical expenses. Jon also suffered extreme emotional harm as a result of the referenced discriminatory actions of Defendants.

52. Plaintiff Jon has met all conditions precedent to bring these claims before this Honorable Court.

### E.  CAUSES OF ACTION

53. The foregoing factual allegations contained in the foregoing Section D: Factual Background are incorporated into this Section E by reference for all purposes.

# COUNT ONE: VIOLATION OF TITLE VII

54. Defendants committed its misconduct toward Plaintiff Jon because of Jon's age, gender, national origin and religion and Jon's exercise of rights to protest the toxic work environment created, and allowed by, Defendants.

55. Defendant UTSA also committed its misconduct toward Plaintiff Jon in retaliation for Plaintiff Jon filing the complaints within, and against, Defendants.

56. Defendants' retaliatory acts contributed to and aggravated the hostile workplace environment of Plaintiff Jon's place of employment.

57. Defendants' acts and omissions against Plaintiff Jon in violation of Title VII have caused Plaintiff Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues Defendant UTSA in accord with Title VII.

58. Defendants' acts and omissions against Plaintiff Jon in violation of Title VII have caused Plaintiff Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues Defendant UTSA in accord with Title VII.

## COUNT TWO: VIOLATION OF THE ADEA

59. The ADEA prohibits the discrimination of employees based on an employee being forty years of age or older.

60. Plaintiff Jon was certainly qualified for Jon's employment with Defendant UTSA, Jon was over the age of forty (being a protected class under the ADEA), suffered Termination, and was replaced by someone younger than Jon.

61. Defendant UTSA's acts and omissions against Plaintiff Jon in violation of the ADEA have caused Plaintiff Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues Defendant UTSA in accord with the ADEA.

62. Defendant UTSA's acts and omissions against Plaintiff Jon in violation of the ADEA have caused Plaintiff Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues Defendant UTSA in accord with the ADEA.

## COUNT THREE: VIOLATION OF SECTION 1983

63. 42 U.S.C. §1983 provides in part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, a citizen of the United States…to the deprivation of any rights, privileges, or immunities

> secured by the Constitution and laws, shall be liable to the party injured in an action and law, suit in equity, or other proper procedure for redress….

64. Defendants' acts and omissions in violation of Title VII and the ADEA also violate Section 1983 because UTSA committed those acts and omissions under color of law, through designated persons of authority implementing their UTSA-assigned duties and responsibilities.

65. Further, the Fourteenth Amendment to the United States Constitution grants Jon the right to procedural and substantive due process and to equal protection under the law.

66. Defendant UTSA's acts and omissions were intentional, arbitrary, and capricious, resulting in violation of Plaintiff Jon's procedural and substantive due process and to equal protection under the law.

67. The First Amendment to the United States Constitution grants Plaintiff Jon the right to express complaints and concern for other's rights with Defendants both orally and in writing.

68. The First Amendment also grants Jon the right to assemble peaceably and to petition Defendants for redress, which Jon did.

69. One of the base elements of the EEOC charge pursued by Plaintiff Jon related to ongoing discrimination of Jon because of Jon's filing the Grievances, which is clearly within Jon's right of exercise of Jon's free speech.

70. Defendants' acts and omissions against Plaintiff Jon in violation of Section 1983 have caused Plaintiff Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages.

71. Defendants' acts and omissions against Plaintiff Jon in violation of Section 1983 have caused Plaintiff Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages.

72. Although the Eleventh Amendment to Constitution of the United States shields Defendants from claims for damages caused by Section 1983 violations. Plaintiff Jon does seek equitable relief as to Defendant Brey with regard to the removal and expungement of all negative records as to Jon held by Defendant UTSA including but not being limited to Jon's Termination therefrom.

### **COUNT FOUR: EXEMPLARY AND/OR LIQUIDATED DAMAGES**

73. Various of the statutes that Defendant UTSA's misconduct violated permit the recovery of exemplary and/or liquidated damages. Defendant UTSA's misconduct entitles Plaintiff Jon to recover exemplary and/or liquidated damages from Defendant UTSA in an amount sufficient to punish UTSA for its misconduct and to deter similar misconduct in the future.

## COUNT FIVE: ATTORNEY'S FEES

74. Various of the statutes that Defendant UTSA's misconduct violated permit the recovery of reasonable and necessary attorney's fees. Defendant UTSA's misconduct entitles Plaintiff Jon to recover from Defendant UTSA Jon's reasonable and necessary attorney's fees.

## COUNT SIX: INTEREST AND COSTS OF COURT

75. Various of the statutes that Defendant UTSA's misconduct violated permit the recovery of prejudgment interest and costs of court.

76. Plaintiff Jon is entitled to recover from Defendant UTSA both prejudgment interest, where permitted, and post judgment interest, at the highest rates permitted by law.

77. Plaintiff Jon is further entitled to recover from Defendant UTSA Jon's costs of court.

### F. JURY TRIAL

78. Plaintiff Jon hereby requests a trial by jury in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jon respectfully prays that upon final trial of this matter Jon recover a judgment against Defendant UTSA for:

- Plaintiff's actual and consequential damages;
- Exemplary damages in the manner requested above;

- Plaintiff's reasonable and necessary attorney's fees;

- Prejudgment and post judgment interest, as applicable;

- Plaintiff's costs of court; and

Equitable relief as to the actions of Defendant Dr. Brey, as requested; and further, any and all such other relief, legal and equitable, as to which Plaintiff Jon may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

*[signature]*

Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 214.802.3477 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF
JON UTSA DOE**